WEINBERG, ROGER & ROSENFELD

ASHLEY K. IKEDA  2955-0
STEPHANIE L. MARN 6508-0
Union Plaza
1136 Union Mall, Suite 402
Honolulu, Hawaii  96813
Telephone No.:  (808) 528-8880
Facsimile No.:  (808) 528-8881
e-mail:  aikeda@unioncounsel.net
e-mail:  smarn@uniouncounsel.net

Attorneys for Plaintiffs TRUSTEES OF THE
HAWAII LABORERS' TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| HAWAII LABORERS' TRUST FUNDS (*Hawaii Laborers' Health and Welfare Trust Funds* by its Trustees Ron Prescott, Robert Tasaka, Anacleto Alcantra, Larry Lum, Russell Nonaka, Mark Matsumoto, Peter Ganaban, Alfonso Oliver, and Joby North II; *Hawaii Laborers' Pension Trust Fund* by its Trustees Anacleto Alcantra, Randall Ching, Cedric Ota, Leonard Leong, Claude C. Matsumoto, Alan Shintani, Fred Lau, Karl Kamada, Joby North II, Mark Matsumoto, Peter Ganaban, Pete Lindsey, Alfonso Oliver, Richard Nishi, and Narzi Guzon; *Hawaii Laborers' Apprenticeship and Training Trust Fund* by its Trustees, Kenneth Kobatake, Warren Leong, Leonard Dempsey, Mark Tamashiro, Peter Ganaban, Mark Matsumoto, Alfonso | CIVIL NO. 14-00526 HG-BMK<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT RON'S CONCRETE SPECIALISTS, LTD., a Hawaii corporation<br><br>Hearing Date:     March 13, 2015<br>Time:                    10:30 a.m.<br>Magistrate Judge: Barry M. Kurren |

Oliver, and Leimomi Johnson; *Hawaii Laborers' Vacation & Holiday Trust Fund* by its Trustees, Clay Asato, Burt Watanabe, Anacleto Alcantara, Audrey Hidano, Alfonso Oliver, Joby North II, Mark Matsumoto, and Peter Ganaban; *Hawaii Laborers' Annuity Trust Fund* by its Trustees Ryan Wada, Anacleto Alcantra, Clay Asato, Audrey Hidano, Craig Nakanishi, Mark Matsumoto, Peter Ganaban, Alfonso Oliver, Joby North II, and Richard Nishie; *Hawaii Laborers and Employers Cooperative and Education Trust Fund* by its Trustees Kenneth Kobatake, Warren Leong, Leonard Dempsey, Mark Tamashiro, Peter Ganaban, Mark Matsumoto, Alfonso Oliver, and Leimomi Johnson),

      Plaintiffs,

 vs.

RON'S CONCRETE SPECIALISTS, LTD., a Hawaii corporation,

      Defendant.

(130090/795856) Findings and Recommendation to Grant Plaintiffs' Motion for Entry of Default Judgment Against Defendant Ron's Concrete Specialists, Ltd.

2

# FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT RON'S CONCRETE SPECIALISTS, LTD., a Hawaii corporation

Plaintiffs HAWAII LABORERS' TRUST FUNDS ("Plaintiffs" or "Trust Funds") Motion for Entry of Default Judgment Against Defendant RON'S CONCRETE SPECIALISTS, LTD., a Hawaii corporation ("Defendant"), having come on for hearing before the Honorable Barry M. Kurren, Magistrate Judge on March 13, 2015 at 10:30 a.m., with Stephanie L. Marn, Esq., appearing for Plaintiffs, no one appearing on behalf of Defendant; and the Court having read the memoranda, declarations, and exhibits in support and in opposition thereto, having considered the evidence presented, and having heard oral argument, and being fully advised in the premises and good cause appearing therefore, it is RECOMMENDED that Plaintiff's Motion for Entry of Default Judgment Against Defendant be GRANTED.

The Court bases its recommendation upon the following findings:

## FINDINGS OF FACT

1. Defendant is a Hawaii corporation doing business in Hawaii.

2. Defendant entered into a collective bargaining agreement with the Laborers' International Union of North America, Local 368, AFL-CIO ("Union") on January 15, 2008, which acknowledged by a Certification of Receipt and Acceptance, which agreement by its terms incorporated the Master Agreement Covering Construction Laborers in the State of Hawaii ("CBA").

3. Under the CBA, Defendant promised to contribute and pay employee benefit contributions once per month to Plaintiffs for each hour of work performed by Defendant's employees for work covered by the CBA, which contributions are to be paid to Plaintiffs on or before the 20th day of each month for hours worked the prior month.

4. Under the CBA, Defendant agreed that in the event monthly trust fund contributions were not paid when due, Defendant would pay the sum of TWENTY DOLLARS ($20.00) or 20%, whichever was greater, of the amount of the trust fund contributions owed to each of the Trust Funds for each delinquency, as and for liquidated damages and not as a penalty.

5. Under the CBA, Defendant agreed to submit its monthly payroll reports and to provide Plaintiffs with all the information necessary to carry out the purposes of the various trust funds, and to pay interest at the rate of 12% per annum on unpaid balances owed.

6. Based on the Complaint filed on November 19, 2014, for the periods from May 2014 to September 2014, Defendant reported and did not pay for hours worked by employees who were covered by the CBA which resulted in unpaid contributions of THIRTY-NINE THOUSAND TWO HUNDRED SIXTY-EIGHT AND FIFTY ONE CENTS ($39,268.51) and liquidated damages of EIGHT THOUSAND SIX HUNDRED FIFTY-EIGHT DOLLARS AND SIXTEEN CENTS ($8,658.16); which delinquency was determined by monthly payroll report transmittals submitted by Defendant to the

Trust Funds' Administrator's Office, as noted in the Declaration of Luther Beck, which Declaration was filed herein on January 28, 2015 [Doc. No. 7].

    a. The interest due was ONE THOUSAND, THREE HUNDRED SIXTY-ONE DOLLARS AND 79 CENTS ($1,361.79) which was accumulated through October 31, 2014.

7. The Defendant was served with a copy of the Complaint; Summons in this case on December 9, 2014, as noted in the Return of Service filed herein on December 15, 2015 [Doc. No. 4].

8. Due to Defendant's failure to file an answer or respond to the Complaint, a Request for Entry of Default was filed herein on January 5, 2015 and Default was entered by the Court on that date [Doc. No. 5-3].

9. Plaintiffs then filed their Motion for Entry of Default Judgment against Defendant on January 28, 2015 [Doc. No. 7].

10. At this time, the total amount owing by Defendant through March 13, 2015, which does not include attorneys' fees and costs is SEVEN THOUSAND THREE HUNDRED NINE DOLLARS AND FIFTTY-THREE CENTS ($7,309.53), for August 2014 through October 2014 report liquidated damages.

11. Plaintiffs are entitled to reasonable attorneys' fees and costs pursuant to Section 14.9, p. 20-21 of the CBA and pursuant to the Employees Retirement Income Security Act, 29 U.S.C. Section 1132(g)(2), and as supported by the Declaration of

Ashley K. Ikeda submitted concurrently herewith in the amount of $13,027.50 in attorneys' fees, plus 4.712% G.E.T. thereon of $613.86, and costs of NINE HUNDRED AND SIXTY DOLLARS AND FIFTY-FIVE CENTS ($960.55), for a total of FOURTEEN THOUSAND SIX HUNDRED AND ONE DOLLARS AND NINETY ONE CENTS ($14,601.91).

## RECOMMENDATION

A.  Plaintiff's Motion for Entry of Default Judgment be GRANTED in part and denied in part, and that judgment be entered against Defendant, as follows:

B.  That Plaintiffs request for judgment against Defendant for August 2014 through October 2014 liquidated damages of SEVEN THOUSAND THREE HUNDRED NINE DOLLARS AND FIFTY ONE CENTS ($7,309.51) be denied.

C.  Plaintiffs be awarded the amount of FOURTEEN THOUSAND SIX HUNDRED AND ONE DOLLARS AND NINETY ONE CENTS ($14,601.91) for reasonable attorneys' fees and costs.

D.  That Judgment be entered against Defendant in the total amount of FOURTEEN THOUSAND SIX HUNDRED AND ONE DOLLARS AND NINETY ONE CENTS ($14,601.91).

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawai'i, March 19, 2015.



      /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

_____
HAWAII LABORERS' TRUST FUNDS, ETC., et al., Plaintiffs, vs. RON'S CONCRETE SPECIALISTS, LTD., a Hawaii corporation, U.S.D.C.; D. HAW.; CIVIL NO. 14-00526-HG-BMK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT RON'S CONCRETE SPECIALISTS, LTD., a Hawaii corporation